IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LUIS CARLOS PRADO,<br><br>      Plaintiff,<br><br> vs.<br><br>JASON HINDES ET AL.,<br><br>      Defendants. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION FOR<br>SUMMARY JUDGMENT**<br><br>Case No. 2:19-CV-3 DBB<br><br>District Judge David B. Barlow |

  In this civil-rights complaint, 42 U.S.C.S. § 1983 (2020),[1] Plaintiff Luis Carlos Prado asserts his federal and state constitutional rights were violated by Defendants Jason Hindes, Shawn Troumbley and Utah County, when excessive force allegedly was used during his incarceration at Utah County Jail (UCJ). (ECF No. 2.)

  Based on Plaintiff's failure to exhaust his administrative remedies through the jail grievance process, Defendants move for summary judgment.[2] (ECF No. 13.) Defendants' motion includes exhibits, such as an affidavit, UCJ's grievance policy, and inmate grievances and

---

[1] Section 1983 reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.S. § 1983 (2020).

[2] Defendants label their filing, "Motion to Dismiss," but recognize the Court may convert it to a summary-judgment motion because evidence outside the pleadings is argued. (ECF No. 13, at 4); *see Ray v. Bradford*, 612 F. App'x 537, 538 (10th Cir. 2015) (acknowledging fairness of conversion to summary-judgment motion when plaintiff "filed materials outside the pleadings in response to . . . motion [to dismiss]") (citing *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996); *Lamb v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004)).

requests. (ECF No. 14.) Plaintiff's responsive evidentiary materials add video footage, internal-affairs report, and Plaintiff's declaration. (ECF Nos. 15-16.)

## SUMMARY JUDGMENT

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Here, Plaintiff does not rebut Defendants' avowal that he did not submit the necessary grievances in UCJ's administrative process. Thus, no dispute of material fact exists. Defendants have met the burden of showing that Plaintiff did not grieve his claims. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (stating prison defendants hold "burden of asserting and proving [Plaintiff] did not utilize administrative remedies"). Still, Plaintiff argues he was not required to grieve. *See id.* ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to counter the exhaustion defense . . . .")

## UNDISPUTED MATERIAL FACTS

• UCJ had grievance process for inmates seeking redress for complaints about conditions of confinement. (ECF No. 15-1.)

• 6/28/17 – Plaintiff incarcerated at UCJ when shot in leg by Defendant Hindes. (ECF Nos. 2, at 5; 15, at 3.)

• While in UCJ, Plaintiff never filed grievance as to June 28, 2017 excessive-force allegations. (ECF No. 16, at 2.)

• 12/21/17 – Plaintiff released from UCJ. (ECF No. 15, at 3.)

• 1/2/19 – Plaintiff incarcerated at Salt Lake County Jail (SLCJ) when filing Complaint. (ECF Nos. 2; 15, at 3.)

## PLAINTIFF'S LEGAL ARGUMENTS AGAINST SUMMARY JUDGMENT

Plaintiff argues that (1) he believed his issues were not grievable under UCJ policy and therefore he need not have used UCJ's grievance process before filing suit; and (2) because he brought suit from SLCJ, after being released from UCJ (where his claims allegedly accrued), he is freed from the exhaustion requirement. (ECF No. 15.)

Under the Prison Litigation Reform Act of 1995 (PLRA),

> prisoners bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotations omitted). The Supreme Court has stressed, "we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirement[ ]." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001).

*Griffin v. Romero*, 399 F. App'x 349, 351 (10th Cir. 2010) (unpublished).

### 1. PLAINTIFF'S BELIEF THAT ISSUES COULD NOT BE GRIEVED

Plaintiff maintains he subjectively believed his claim was "non-grievable" under UCJ's policy (e.g., Plaintiff believed excessive force was a "disciplinary action" or implicated "jail security" and "housing assignments"); so, he is excused from UCJ's grievance requirement. (ECF No. 15, at 4-6.)

However,

> "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If

3

> administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000). "Congress intended to save courts from spending countless hours, educating themselves in every case, as to the vagaries of prison administrative processes, state or federal" and "did not intend for courts to expend scarce judicial resources examining how and by whom a prison's grievance procedure was implemented." *Concepcion v. Morton,* 306 F.3d 1347, 1354 (3d Cir. 2002) (quotation omitted).

*Griffin*, 399 F. App'x at 351.

Here, UCJ's inmate-grievance system was available to Plaintiff. (ECF No. 15-1.) Regardless of his after-the-fact characterization of his excessive-force claim as a disciplinary action involving jail security and housing, (ECF No. 16, at 2); *see Sherman v. Klenke*, 653 F. App'x 580, 585-86 (10th Cir. 2016) (unpublished) ("A nonmovant can properly oppose [SJ] with affidavits, but . . . conclusory and self-serving affidavits are not sufficient."), Plaintiff was required to file a grievance before bringing suit as an inmate.³ *Porter*, 534 U.S. at 532 (holding exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege *excessive force* or some other wrong." (emphasis added)).

### 2. PLAINTIFF'S FILING OF SUIT FROM DIFFERENT INSTITUTION

Plaintiff further asserts that the fact that he was released from UCJ, spent time out of jail, then filed his suit from SLCJ, means that he need not have grieved. His assertion is based on the

---

³ Plaintiff also says UCJ policy rendered his claims "non-grievable" because he could not file UCJ grievances from SLCJ. (ECF No. 15, at 5.) However, the policy required that he file grievances within UCJ-policy time limits. He had time, between June 28 and December 21, 2017, while still held at UCJ, to meet UCJ's policy deadlines. After all, the policy requires, "Inmates must file written grievances within 7 calendar days of when the facts giving rise to the grievance are known or reasonably should have been known to the inmate." (ECF No. 15-1, at 4.) Clearly, Plaintiff was still in UCJ custody for seven days after the shooting and thus had to file his grievance within those seven days. He did not. Based on UCJ's time limit, Plaintiff was no longer eligible to grieve once he got to SLCJ.

4

exhaustion requirement's lack of application "to former prisoners who file suit after their release." *Norton v. City of Marrieta*, 432 F.3d 1145, 1150-51 (10th Cir. 2005).

Still, "it is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." *Tomlin v. Sanchez*, No. 17-1084 WJ/GBW, 2019 U.S. Dist. LEXIS 13702, at *7 (D.N.M. Jan. 29, 2019) (citations and quotation marks omitted) (alteration in original) (R. & R.), *adopted by* 2019 U.S. Dist. LEXIS 45919 (Mar. 20). And, the Court lacks "discretion to dispense with administrative exhaustion" when the PLRA requires it. *Booth*, 532 U.S. at 739.

Plaintiff was inarguably a "prisoner" under PLRA when filing his Complaint. After all, PLRA defines "prisoner" to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C.S. § 1997e(h) (2020). A plaintiff's imprisonment status "at the time he files suit" decides whether he is a "prisoner" for PLRA purposes. *Norton*, 432 F.3d at 1150. There is no dispute that Plaintiff was imprisoned when he initiated this suit; he was thus a "prisoner." *See Tomlin*, 2019 U.S. Dist. LEXIS 13702, at *8. There is also no dispute that Plaintiff filed no grievances with UCJ regarding the June 28, 2017 incident, and so did not exhaust his administrative remedies. *See id*. Finally, Plaintiff's action obviously targets prison conditions, bringing it within PLRA's ambit. *See id*.

This situation, though, is complicated by Plaintiff's failure to file his lawsuit during the same incarceration as that involving his cause of action. Rather, he was released from one jail and then reincarcerated in a different jail. Upon review of existing precedent, the Court

5

concludes that "federal courts that have addressed this precise situation have concluded the PLRA's exhaustion of administrative remedies requirement applies when a plaintiff prisoner is released from incarceration but later re-incarcerated and remains incarcerated at the time the lawsuit is filed." *Jewkes v. Shackleton*, 2012 U.S. Dist. LEXIS 105415, at *14 (D. Colo. Jul. 23, 2012) (unpublished) (citations omitted).

For instance, the Second Circuit Court of Appeals, addressed this same issue, concluding, "The fact that [the plaintiff's] two reincarcerations were for offenses different from the one for which he was confined when his grievances arose does not excuse failure to exhaust. . . ." *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004). The suit was therefore dismissed because the plaintiff had not exhausted all available administrative remedies. *Id*.

The Third Circuit reached a similar result when considering this question in a non-precedential opinion. *George v. Chronister*, 319 F. App'x 134, 136-37 (3d Cir. 2009) (unpublished) (holding PLRA exhaustion requirement applied to plaintiff filing civil-rights complaint during subsequent incarceration in different facility).

Various district courts have echoed these circuit cases, reasoning that PLRA's plain language requires as much. *See Halaka v. Park*, No. 2:12-CV-1506, 2014 U.S. Dist. LEXIS 72995, at *3 (W.D. Pa. May 29, 2014) (stating "strict literal interpretation of § 1997e(a)" requires this result); *Branham v. Bryant*, No. 1:11-1246-JFA, 2013 U.S. Dist. LEXIS 40112, at *9 (D.S.C. Mar. 22, 2013) (citing *Berry*, 366 F.3d at 87) ("To adopt [plaintiff's] proposed exception to the plain language of § 1997(e) would, in effect, be to rewrite the statute."); *Jewkes*, 2012 U.S. Dist. LEXIS 105415, at *5 ("[P]lain language . . . states that the PLRA applies to 'a prisoner confined in any jail, prison, or other correction facility' and makes no exceptions.");

6

*Duvall v. Dallas Cnty.*, No. 3:05-CV-2431-B, 2006 U.S. Dist. LEXIS 87490, at *3 (N.D. Tex. Dec. 1, 2006) (reaching conclusion based on *Berry* and *Gibson* and statute's plain language); *Scott v. DelSignore*, No. 02-CV-029F, 2005 U.S. Dist. LEXIS 6070, at *6 (W.D.N.Y. Feb. 18, 2005); *Gibson v. Brooks*, 335 F. Supp. 2d 325, 330 (D. Conn. 2004) (stating both "literal reading of section 1997e(a) and the statute's legislative history support [this] conclusion"); *cf. Kessack v. Walla Walla Cnty.*, No. 4:13-CV-5062-EFS, 2014 U.S. Dist. LEXIS 177090, at *4 (E.D. Wash. Dec. 23, 2014) (distinguishing from *Gibson* on ground plaintiff was subsequently incarcerated at different county jail when he filed suit).

> The court in *Gibson* acknowledged that application of the PLRA in this type of situation "creates a rather odd situation in which a person's ability to enforce his or her constitutional rights can be stripped upon incarceration, even where the rights to be enforced were infringed during that person's incarceration on an unrelated conviction." *Gibson*, 335 F. Supp. at 330. However, the plain language of § 1997e states that the PLRA applies to "a prisoner confined in any jail, prison, or other correction facility" and makes no exceptions. 42 U.S.C. § 1997e(a).

*Jewkes*, 2012 U.S. Dist. LEXIS 150415, at *14.

The Court concludes that Plaintiff was a "prisoner" under PLRA's terms at the time he filed; he therefore must satisfy PLRA's exhaustion requirement. *See Jewkes*, 2012 U.S. Dist. LEXIS 150415, at *14-15; *Tomlin*, 2019 U.S. Dist. LEXIS 13702, at *10. That he failed to do so is both undisputed and shown by the record.

**IT IS ORDERED** that:

(1) Because Plaintiff did not exhaust administrative remedies, Defendants' Motion to Dismiss, converted to a motion for summary judgment, is **GRANTED**. (ECF No. 13.)

(2) Having dismissed Plaintiff's federal claims here, the Court lacks pendent jurisdiction over Plaintiff's state constitutional claims, which are **DISMISSED**.

(3) With no controversy remaining in this Court, this action is **CLOSED.**

DATED this 15th day of September, 2020.

BY THE COURT:

_____
JUDGE DAVID B. BARLOW
United States District Court